**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

OUTLAW LABORATORY, LP,

    Plaintiff,

v.                                          Case No. 19-13005

NORTHWESTERN HIGHWAY & 12 MILE,
INC., *et al.*,

    Defendants.

_____/

**ORDER SETTING PROCEDURES ON MOTION FOR DEFAULT JUDGMENT**

Plaintiff Outlaw Laboratory, LP, brings this action against Defendants for false advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), violations of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.903, and violations of Michigan's common law tort of unfair competition. (ECF No. 1, PageID.15-21.) Plaintiff alleges that Defendants sold illicit male-enhancement pills, harming Plaintiff's business selling competing pills.

The Clerk of Court entered defaults against Defendants Alshaif, Inc., Moonlight Mini Mart, Inc., Neighborhood Oak Park, Inc., Nelson Express, Inc., Northwestern Highway & 12 Mile, Inc., and Petro Place, LLC under Federal Rule of Civil Procedure 55(a) on November 25, 2019. (ECF Nos. 19-24.) Plaintiff now moves for default judgment under Federal Rule of Civil Procedure 55(b)(2) against the six defaulted Defendants. (ECF No. 28.) The court will decide this matter on the papers, and now sets forth various procedures to ensure the matter is fully and fairly heard.

A hearing on a motion for default judgment is not required by law. Federal Rule of Civil Procedure 55(b)(2) provides the court authority to enter default judgments. The rule states that "[t]he court *may* conduct hearings . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2) (emphasis added). "This provision, by its terms, allows but does not require the district court to conduct an evidentiary hearing." *Vesligaj v. Peterson*, 331 Fed. App'x 351, 355 (6th Cir. 2009); *see also Flynn v. People's Choice Home Loans, Inc.*, 440 Fed. App'x 452, 457 (6th Cir. 2011) (affirming a district court's decision to not hold a hearing for a motion for default judgment). The court will decide Plaintiff's motion without a hearing. E.D. Mich. L.R. 7.1(f)(2).

"Where damages are unliquidated a default admits only defendant's liability and the amount of damages must be proved." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). "The district court must . . . conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Vesligaj*, 331 Fed. App'x at 355 (citation removed). Plaintiff seeks to recover damages in the amount of Defendants' profits from the sale of illicit male-enhancement pills. (ECF No. 28, PageID.140-42.) Plaintiff also requests attorney fees and costs. (*Id.*, PageID.142-43.) Attached to Plaintiff's motion are invoices of pill sales from a business comparable to Defendants and an economist's report, calculating Defendants' revenues and costs based on data from the comparable business and industry data from the National Association of Convenience Stores. (ECF Nos. 28-1, 28-2.) The evidence is used to prove Defendants' profits. Plaintiff attached an affidavit of its attorney attesting to the attorney fees and

2

costs Plaintiff has incurred. (ECF No. 28-3.) If Plaintiff wishes to submit any further evidence to prove its damages by a "reasonable certainty," it must do so by June 15, 2020. *Vesligaj*, 331 Fed. App'x at 355; *Antoine*, 66 F.3d at 110.

The court will also direct Plaintiff to file proposed findings of fact on the issue of damages by June 15, 2020. Plaintiff must include citations in the record to support each of the asserted facts.

This case has been ongoing for several months, Plaintiff has filed certificates of service, and the Clerk of Court has entered defaults. (ECF Nos. 3-12, 19-24.) To date the six defaulted Defendants have not filed an appearance and have not otherwise responded to this action. Nonetheless, the court will direct Plaintiff to contact Defendants, inform them of the nature of this action if they remain unaware, and attempt in good faith to secure a voluntary, knowing, and intelligent resolution. The court will order that Plaintiff serve the six defaulted Defendants with a letter indicating its attempt to resolve the remaining dispute without the need to secure a default judgment, and a deadline for Defendants to respond. Plaintiff must include in its service copies of the motion for default judgment, the evidence in support of the motion, and this order. Plaintiff must complete service of these documents and, by June 29, 2020, file a notice in each case of its attempt to voluntarily resolve remaining issues and whether such effort was or was not successful. Accordingly,

IT IS ORDERED that Plaintiff must file any additional evidence of damages and proposed findings of fact on the issue of damages by **June 15, 2020**.

IT IS FURTHER ORDERED that Plaintiff is DIRECTED to attempt reasonable settlement negotiation with Defendants Alshaif, Inc., Moonlight Mini Mart, Inc.,

3

Neighborhood Oak Park, Inc., Nelson Express, Inc., Northwestern Highway & 12 Mile, Inc., and Petro Place, LLC.

Finally, IT IS ORDERED that Plaintiff serve Defendants Alshaif, Inc., Moonlight Mini Mart, Inc., Neighborhood Oak Park, Inc., Nelson Express, Inc., Northwestern Highway & 12 Mile, Inc., and Petro Place, LLC with a letter indicating an attempt to reach voluntary settlement, including a deadline for response, Plaintiff's "Motion for Default Judgment" (ECF No. 28), evidence in support of Plaintiff's motion, and this order. Plaintiff must complete service and file notices of attempts to settle, with statements on the outcome of those attempts, by **June 29, 2020**.

          s/Robert H. Cleland      /
          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Dated:  June 1, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 1, 2020, by electronic and/or ordinary mail.

          s/Lisa Wagner      /
          Case Manager and Deputy Clerk
          (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\19-13005.OUTLAW.DefaultJudgmentOnPapers.RMK.docx